UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Glover, | Civil No. 24-cv-1125 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

This matter is before the Court on Petitioner Andrew Glover's: (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1); (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 2); and (3) May 20, 2024 letter in response to the Court's Order to Show Cause ("Letter") (ECF No. 7). For the following reasons, the Court recommends denying Mr. Glover's Petition, dismissing this action without prejudice, and denying his IFP Application as moot. The Court further denies certain requests asserted in the Letter.

This action began when the Court received the Petition on April 2, 2024 (*see* ECF No. 1). The Petition challenges Mr. Glover's conviction on five counts, including one count of first-degree murder, in *State v. Glover*, No. 62-CR-21-1097 (Minn. Dist. Ct.). (*See, e.g.*, ECF No. 1 at 1–2.)

On May 2, 2024, the Court entered an order addressing the Petition. The order observed that Mr. Glover did not appear to have exhausted his state court remedies with

respect to the argument raised in the Petition ("May 2 Order") (ECF No. 6 at 2–4).[1]  The Court therefore ordered Mr. Glover to show cause why it should not recommend dismissing this action based on his apparent failure to exhaust.  (*See id.* at 4.)  The Court gave Mr. Glover until May 23, 2024 to respond, failing which the Court stated it would make its recommendation based on the existing record.  (*Id.*)

The Letter says that Mr. Glover "would like to know if [the Court] can put a stop to this process, [a]nd d[i]rect [him] in the right area."  (ECF No. 7 at 1.)  He also asks the Court to "turn the forms and document out to the right courts, or point [Mr. Glover] in the right direction."  (*Id.*)

The Court construes these statements as requests for guidance and to send documents to the state court.  But the Court is limited in its ability to assist Glover directly, since "[d]istrict judges have no obligation to act as counsel or paralegals to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also, e.g.*, *Williamson v. Mo. Dep't of Corrs.*,

---

[1] As discussed in the May 2 Order, 28 U.S.C. § 2254(b)(1) imposes the relevant exhaustion requirement:

> (1)     [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)     (i)     there is an absence of available State corrective process; or
>
>     (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

740 F. App'x 513, 515 (8th Cir. 2018) (citing *Pliler*). The Court directs Mr. Glover that under section 2254(b)(1), before he can successfully bring a section 2254 petition in this court, he must first present his arguments in an action in the Minnesota state courts.[2] Beyond that, the Court can offer him no further advice, and will not send documents from this action to any other courts. To the extent the Letter asks the Court to forward documents in this way, that request is denied.

This leaves the Petition itself. The Court has compared the Petition's argument to the Minnesota Supreme Court's decision affirming Mr. Glover's conviction. *Compare State v. Glover*, 4 N.W. 3d 124, 128 (Minn. 2024) (stating grounds presented on appeal), *with* (ECF No. 1 at 5) (stating Mr. Glover's ground in this action). Nothing in that comparison or elsewhere in the present record suggests Mr. Glover presented his current argument to the Minnesota Supreme Court, and Mr. Glover's Letter provides no information to the contrary.

As the Court's May 2 Order noted, it is a petitioner's burden to show that he has exhausted his state court remedies under section 2254(b)(1). (*See* ECF No. 6 at 3, citing *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Greene v. Ellison*, No. 23-cv-0155 (ECT/DLM), 2023 WL 4409858, at *1 n.3 (D. Minn. May 23, 2023), *report and recommendation adopted*, 2023 WL 4407492 (D. Minn. July 7, 2023).) Mr. Glover has not met that burden here. The Court therefore recommends denying the Petition. And in light

---

[2] As he proceeds, Mr. Glover should also keep in mind the statute of limitations for section 2254 petitions. *See* 28 U.S.C. § 2244(d).

of that recommendation, the Court also recommends denying the IFP Application as moot and dismissing this action without prejudice.

As a final matter, the Court addresses whether to grant Mr. Glover a certificate of appealability ("COA"). A district court cannot grant a section 2254 petitioner a COA unless he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Mr. Glover must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes it is unlikely that any other court, including the U.S. Court of Appeals for the Eighth Circuit, would disagree with the conclusions reached in this Report and Recommendation. The Court therefore recommends against issuing Mr. Glover a COA.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Petitioner Andrew Glover's request that the Court send materials to other courts (ECF No. 7) is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mr. Glover's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. [1]) be **DENIED**;

2. Mr. Glover's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. [2]) be **DENIED** as moot;

3. This action be **DISMISSED WITHOUT PREJUDICE**; and

4. No certificate of appealability be issued.

Dated: June 14, 2024                              *s/ Dulce J. Foster*
                                                            Dulce J. Foster
                                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).